**UNITED STATES DISTRICT COURT**
**CONNECTICUT DISTRICT: SECOND**
**CIRCUIT**

**MASCARI BROS., INC. AND**
**ESPERANZA RV PRODUCE, INC.**

                      **PLAINTIFFS,**

      Against-                **SUMMONS IN A CIVIL CASE**

**ANTONIO COLLADO, CHAMPION**
**FOODS, INC. AND BOZZUTO'S,**
**INC.**

                      **DEFENDANTS,**

    Pursuant to Rule 7.1 of the Federal Rules of Civil Procedure and to enable Judges and Magistrates of the court to evaluate possible disqualifications or recusal, the undersigned counsel of records for Plaintiff, certifies that the following are corporate parents, subsidiaries or affiliates of that party which are publicly held:

None

Dated:  November 16, 2006

Respectfully submitted,


By:_____
    Leslie Marcarelli-Naizby, Esq.
    Attorney for Plaintiff
    652 Boston Post Road, #12
    Guilford, CT 06437
    Fed Bar #:  ct 16277
    Phone 203-458-6100
    Fax 203-458-6300

```
UNITED STATES DISTRICT COURT
CONNECTICUT DISTRICT: SECOND
CIRCUIT

MASCARI BROS., INC. AND
ESPERANZA RV PRODUCE, INC.

                       PLAINTIFFS,

        Against-                        SUMMONS IN A CIVIL CASE

ANTONIO COLLADO,
CHAMPION FOODS, INC. AND
BOZZUTO'S,INC.

                       DEFENDANTS,
```

Plaintiffs, Mascari Brothers, Inc. ("Mascari") and Esperanza RV Produce, Inc. ("Esperanza") by its attorney Leslie Marcarelli-Naizby, Esq., as and for its complaint against defendant's pursuant to FRCP Rule 15(a), alleges as follows:

### JURISDICTION AND VENUE

1. Jurisdiction is based on Section 5(c)(5) of the Perishable Agriculture Commodities Act, 7 U.S.C. §499E (CX5), 28 U.S.C. §1331 and 28 U.S.C. §1332.

2. Venue is this District based on 28 U.S.C. §1391 in that (a) plaintiffs claim arose in this District and

    (b) defendants transact and conducts business in this District.

3. This is an action brought by Mascari and Esperanza to recover monies due and owing by Champion Foods, Inc. ("Champion") pursuant to Perishable Agricultural Commodities Act of 1930, as amended ("Paca"), and pursuant to an agreement for the sale by Mascari and Esperanza of wholesale quantities of perishable agricultural commodities, including but not limited to produce, fruit and vegetables ("Produce"), pursuant to Mascari's and Esperanza's Standard Sales Terms set forth on the face of each invoice, Champion has failed and refused to remit the unpaid balance in the principal sum of Ten Thousand and Seventy Seven Dollars and Fifty Cents ($10,077.50)("Principal Sum") due and owing to Mascari, and the unpaid principal sum of Fifty Two Thousand Seven Hundred and Eighty Two Dollars and Thirty Seven Cents ($52,782.37) due and owing to Esperanza, despite due demand thereof.

## THE PARTIES

4. Plaintiff, Mascari, a corporation, duly organized and existing under the laws of Connecticut, which

       maintains its principal place of business at 1179 Main Street, Branford, CT 06405, is engaged in the business of selling produce in interstate commerce and is a licensed dealer under PACA.

5. Plaintiff, Esperanza RV Produce, Inc., a corporation duly organized and existing under the laws of New York, which maintain its principal place of business at 528 Underhill Avenue, Bronx, NY 10473, is engaged in the business of selling produce in interstate commerce and is a licensed dealer under PACA.

6. Defendant, Champion Foods, Inc. ("Champion") which upon information and belief, is a corporation organized under the laws of the State of Massachusetts, and having had an address for the conduct and transaction of business at 355 Belmont Avenue, Springfield, MA, and upon information and belief is and was at all times pertinent herein a dealer and commission merchant and subject to and licensed under the trust provisions of the PACA as a dealer and commission merchant.

7. Defendant, Antonio Collado, ("Collado") an individual having had an address for the conduct and transaction of business at AC Roosevelt Food Corp./Champion Foods, 59-15 Roosevelt Avenue,

      Woodside, New York, and upon information and belief, is and was at all times pertinent herein, a dealer and commission merchant and subject to the PACA. Defendant, Collado is and was at all times pertinent herein also the officer and director of Champion Foods, Inc.

8. Defendant Bozzuto's Inc., ("Bozzuto") upon which information and belief, is a corporation organized under the laws of the State of Connecticut, and having had an address for the conduct and transaction of business at 275 School House Road, Cheshire, CT, and upon information and belief is and was at all times pertinent herein a dealer and commission merchant and subject to and licensed under the trust provisions of the PACA as a dealer and commission merchant.

9. This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to section 5 of the PACA, 7 U.S.C. §499e(c).

10. Between on or about 11/7/05 through 1/23/06, at defendants' special instance and request, Mascari and Esperanza sold and delivered produce to defendants, in interstate commerce, for the principal sum which, to date, remains unpaid.

11. Defendants received and accepted the said produce from Mascari and Esperanza without objection and resold the said produce in defendants' ordinary course of business.

12. At the time of receipt and acceptance of said the produce, Collado became a beneficiary in a statutory trust designated to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets, including all funds co-mingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

13. At the time of receipt and acceptance of said the produce, Bozzuto became a beneficiary in a statutory trust designated to assure payment to produce suppliers.  The trust consists of all produce or produce-related assets including all funds co-mingled with funds from other sources and all assets procured by such funds, in the possession or control of defendants since the creation of the trust.

14. Mascari preserved its interest in the PACA trust for the amount of principal sum and remains a beneficiary until full payment of the principal sum is made for the said produce.

15. Esperanza preserved its interest in the PACA trust for the amount of principal sum and remains a beneficiary until full payment of the principal sum is made for the said produce.

16. Defendants have not disputed the principal sums in any way and have repeatedly promised to pay, but to date have not done so.

**COUNT 1-MASCARI (FAILURE BY CHAMPION TO PAY FROM PACA TRUST FUNDS)**

17. Mascari incorporates each and every allegation set forth in paragraphs 1 to 16 above as if fully set forth herein.

18. The failure by the defendant, Champion, to make payment of the principal sum to Mascari from the statutory trust is a violation of the PACA trust and PACA regulations, and is unlawful.

WHEREFORE, Mascari requests and order enforcing payment of the principal sum from the trust by requiring immediate payment of the principal sum by the Defendants jointly and severally to Mascari.

**COUNT 2-MASCARI (FAILURE BY CHAMPION TO PAY FOR GOODS SOLD AND DELIVERED)**

19. Mascari incorporates each and every allegation set forth in paragraphs 1 to 19 above as if fully set forth herein.

20. Defendant, Champion, failed and refused to pay Mascari the principal fee owed to Mascari for produce sold and delivered to defendants by Mascari.

WHERFORE, Mascari requests judgment in the principal sum against defendants jointly and severally.

**COUNT 3-MASCARI (UNLAWFUL DISSIPATION OF PACA TRUST ASSETS BY A CORPORATE OFFICIAL-COLLADO)**

21. Mascari incorporates each and every allegation set forth in paragraph 1 to 20 above as if fully set forth herein.

22. Defendant, Collado, was an officer, director, managing member and/or principal who operated Champion and was in position of control over the PACA trust assets of Mascari during the period of time in question.

23. Defendant, Collado, failed to direct Champion to fulfill its statutory duties to preserve PACA trust assets and pay Mascari for the produce it supplied.

24. Defendant Collado's failure to direct Champion to maintain PACA trust assets and pay Mascari for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

25. As a result of said unlawful dissipation of trust assets, Mascari has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Mascari requests judgment in the amount of the principal sum against defendants jointly and severally.

**COUNT 4-MASCARI (UNLAWFUL DISSIPATION OF PACA TRUST ASSETS BY BOZZUTO)**

26. Mascari incorporates each and every allegation set forth in paragraph 1 to 25 above as if fully set forth herein.

27. Defendant, Bozzuto, was an officer, director, managing member and/or principal who operated and was in position of control over the PACA trust assets of Mascari during the period of time in question.

28. Defendant, Bozzuto, failed to direct Champion to fulfill its statutory duties to preserve PACA trust assets and pay Mascari for the produce it supplied.

29. Defendant, Bozzuto, failure to direct Champion to maintain PACA trust assets and pay Mascari for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

30. As a result of said unlawful dissipation of trust assets, Mascari has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Mascari requests judgment in the amount of the principal sum against defendants jointly and severally.

### COUNT 5-MASCARI (ACCOUNT STATED)

31. Mascari incorporates each and every allegation set forth in paragraphs 1 to 30 above as if fully set forth herein.

32. On or about 1/14/06, Mascari furnished defendants with a statement of account for the principal sum, which account stated had been received and accepted by defendants' without protest or objection.

33. By reason of the foregoing, an account was stated between the parties for the principal sum, which sum defendants failed and refused to pay to Mascari despite repeated demands for payment.

WHEREFORE, Mascari requests judgment in the amount of the principal sum against defendants, jointly and severally.

### COUNT 6-MASCARI(BREACH OF CONTRACT)

34. Mascari incorporates each and every allegation set forth in paragraphs 1 to 33 as if fully set forth herein.

35. By reason of defendants' breach of contract and/or contracts heretofore made with Mascari has been damaged in the principal sum.

WHEREFORE, Mascari requests judgment in the amount of the principal sum against defendants jointly and severally.

### COUNT 7-MASCARI (INTEREST, LATE FEES AND ATTORNEY'S FEES)

36. Mascari incorporates each and every allegation set forth in paragraphs 1 to 35 above as if fully set forth herein.

37. As a result or defendants' failure to make full payment of the principal sum Mascari has lost the use of said funds.

38. In addition, pursuant to parties' agreement memorialized in Mascari's standard sales terms set

forth on each of the said written invoices heretofore provided by plaintiff to defendants, Champion, Collado and Bozzuto, jointly and severally are liable to Mascari for late fees and legal fees in the reasonable sum of $_____ plus the principal sum for a total due and owing in the amount of $_____.

39. As a further result of defendants' failure to make full payment promptly of the principal sum, Mascari has been required to pay attorney's fees, late fees and collection costs in order to bring this action to require defendants to comply with its contractual and statutory duties.

WHEREFORE, Mascari requests judgment against defendants, jointly and severally, for the principal sum of Ten Thousand Seventy Seven Dollars and Fifty Cents ($10,077.50)("Principal Sum"), together with pre-judgment interest, reasonable attorneys fees and costs and disbursements of this action.

### COUNT 8-ESPERANZA (FAILURE BY CHAMPION TO PAY FROM PACA TRUST FUNDS)

40. Esperanza incorporates each and every allegation set forth in paragraphs 1 to 39 above as if fully set forth herein.

41. The failure by defendant, Champion, to make payment of the principal sum to Esperanza from the statutory trust is a violation of the PACA trust and PACA regulations, and is unlawful.

WHEREFORE, Esperanza requests an order enforcing payment of the principal sum from the trust by requiring immediate payment of the principal sum by the defendants jointly and severally to Esperanza.

**COUNT 9-ESPERANZA (FAILURE BY CHAMPION TO PAY FOR GOODS SOLD AND DELIVERED)**

42. Esperanza incorporates each and every allegation set forth in paragraphs 1 to 41 above as if fully set forth herein.

43. Defendant, Champion failed and refused to pay Esperanza the principal fee owed to Esperanza for produce sold and delivered to defendants by Esperanza.

WHEREFORE, Esperanza requests judgment in the principal sum against defendants jointly and severally.

**COUNT 10-ESPERANZA (UNLAWFUL DISSIPATION OF PACA TRUST ASSETS BY A CORPORATE OFFICIAL-COLLADO)**

44. Esperanza incorporates each and every allegation set forth in 1 to 43 above as if fully set forth herein.

45. Defendant, Collado, was an officer, director, managing member and/or principal who operated Champion and was in position of control over the PACA trust assets of Mascari during the period of time in question.

46. Defendant, Collado, failed to direct Champion to fulfill its statutory duties to preserve PACA trusts assets and pay Esperanza or the produce it supplied.

47. Defendant Collado's failure to direct Champion to maintain PACA trust assets and pay Esperanza for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

48. As a result of said unlawful dissipation of trust assets, Esperanza has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Esperanza requests judgment in the amount of the principal sum against defendants jointly and severally.

**COUNT 11-ESPERANZA (UNLAWFUL DISSIPATION OF PACA TRUST ASSETS BY BOZZUTO)**

49. Esperanza incorporates each and every allegation set forth in paragraphs 1 to 48 above as if fully set forth herein.

50. Defendant, Bozzuto, was an officer, director, managing member and/or principal who operated and was in position of control over the PACA trust assets of Esperanza during the period of time in question.

51. Defendant, Bozzuto, failed to direct Champion to fulfill its statutory duties to preserve PACA trust assets and pay Esperanza for the produce it supplied.

52. Defendant, Bozzuto's failure to direct Champion to maintain PACA trust assets and pay Esperanza for the produce it supplied was an unlawful dissipation of trust assets by a corporate official.

53. As a result of said unlawful dissipation of trust assets, Esperanza has been deprived of its rights as a beneficiary in the produce trust and has been denied payment for the produce it supplied.

WHEREFORE, Esperanza requests judgment in the amount of the principal sum against defendants jointly and severally.

**COUNT 12-ESPERANZA (ACCOUNT STATED)**

54. Esperanza incorporates each and every allegation set forth in paragraphs 1 to 53 above as if fully set forth herein.

55. On or about 1/14/06, Esperanza furnished defendants with a statement of account for the principal sum, which account stated had been received and accepted by defendants' without protest or objection.

56. By reason of the foregoing, an account was stated between the parties for the principal sum, which sum defendants failed and refused to pay to Esperanza despite repeated demands for payment.

WHEREFORE, Esperanza requests judgment in the amount of the principal sum against defendants, jointly and severally.

**COUNT 13-ESPERANZA (BREACH OF CONTRACT)**

57. Esperanza incorporates each and every allegation set forth in paragraphs 1 to 56 as if fully set forth herein.

58. By reason of defendants' breach of contract and/or contracts heretofore made with Esperanza has been damaged in the principal sum.

WHEREFORE, Esperanza requests judgment in the amount of the principal sum against defendants jointly and severally.

**COUNT 14-ESPERANZA(INTEREST, LATE FEES AND ATTORNEY'S FEES)**

59. Esperanza incorporates each and every allegation set forth in paragraphs 1 to 58 above as if fully set forth herein.

60. As a result of defendants' failure to make full payment of the principal sum Esperanza has lost the use of said funds.

61. In addition, pursuant to parties agreement memorialized in Esperanza's standard sales terms set forth on each of the said written invoices heretofore provided by plaintiff to defendants, Champion, Collado and Bozzuto, jointly and severally are liable to Esperanza for late fees and legal fees in the reasonable sum of $_____ plus the principal sum for a total due and owing in the amount of $_____.

62. As a further result of defendants' failure to make full payment promptly of the principal sum, Esperanza has been required to pay attorney's fees, late fee and collection costs in order to bring this

    action to require defendants to comply with contractual and statutory duties.

WHEREFORE, Esperanza requests judgment against defendants, jointly and severally, for the sum total of Fifty Two Thousand Seven Hundred and Eighty Two Dollars and Thirty-Seven Cents ($52,782.37) together with pre-judgment interest, reasonable attorneys fees, costs and disbursements of this action.

DATED:　　GUILFORD
　　　　　　NOVEMBER 16, 2006

                                           By:_____
                                               Leslie Marcarelli-Naizby
                                               Attorney for Plaintiff
                                               652 Boston Post Rd, #12
                                               Guilford, CT 06437
                                               Federal Bar #: ct16277
                                               Phone 203-458-6100
                                               Fax 203-458-6300